**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCO DAVIDSON, | ) Case No. CV 12-4862-JST (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| | ) |
| KEVIN R. CHAPPELL, Warden, | ) |
| | ) |
| Respondent. | ) |

On June 4, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition purports to challenge both Petitioner's January 24, 1996 conviction in Santa Barbara County Superior Court for assault with a deadly weapon upon a police officer (Penal Code section 245(c)), for which Petitioner was sentenced to 35 years to life, and his 1978 conviction in the same court for robbery (Penal Code section 211). Petitioner raises three claims: (1) his sentence in the 1996 case was illegal under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny; (2) that sentence was unlawful because his 1978 conviction for robbery was used as an aggravating factor, thereby

breaching his plea agreement in the earlier case; and (3) his counsel in the 1978 case was ineffective for failing to "inform petitioner in the instructions of the consequences of a life sentence in the event of any future wobbler or felony conviction," and his counsel in the 1996 case was ineffective "when he failed to challenge the unconstitutional application of the three strikes law against the use of petitioner's prior plea agreement" in the 1978 case. Petitioner appears to have exhausted these claims in state court earlier this year.

The Petition suffers from numerous deficiencies, among them that Petitioner likely cannot challenge the earlier conviction because he is no longer in custody on it, see Woodall v. Beauchamp, 450 F. App'x 655, 657 (9th Cir. 2011) (habeas petitioner must be in custody on challenged conviction, not for unrelated crime); based on his attachments to the Petition, his plea agreement in the 1978 case does not appear to promise what he claims it did; and his Apprendi claim appears foreclosed by a long line of cases, including Apprendi itself, which exempts prior convictions from its holding, see 530 U.S. at 490. The most obvious flaw, however, is that the Petition on its face appears time barred.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became

        final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Although Petitioner's one-year limitation period would normally have begun to run upon the finality of his judgment of conviction, AEDPA extended the limitation period for those whose convictions became final before its enactment to one year after that date – April 24, 1997. United States v. Gamboa, 608 F.3d 492, 493 n.1 (9th Cir.), cert. denied, 131 S. Ct. 809 (2010). Petitioner did not file his federal Petition until 15 years

later.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  Petitioner does not contend that he was impeded from filing his Petition by unconstitutional state action.  Petitioner seems to contend, however, that he is entitled to a later trigger date under subsections (d)(1)(C) and (D).  Subsection (C) does not apply, however, because Petitioner does not rely on any newly recognized right.  He cites the U.S. Supreme Court's decisions earlier this year in <u>Lafler v. Cooper</u>, 566 U.S. __, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), and <u>Missouri v. Frye</u>, 566 U.S. __, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), but neither case involved a newly recognized right; habeas relief has long been available based on ineffective assistance of counsel during plea bargaining.  Moreover, neither of those cases involved an untimely petition.  Petitioner also seems to claim that a recent Ninth Circuit decision qualifies him for relief under subsection (C), but that subsection is expressly limited to Supreme Court decisions.  Finally, the factual bases of his claims have long been known to Petitioner, and therefore he is not entitled to a later trigger date under subsection (D), either.

Thus, Petitioner's last day to file his federal habeas petition was April 24, 1997, unless a basis for tolling the statute exists.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).

No basis for statutory tolling under § 2244(d)(2) appears to exist, as Petitioner's state habeas petitions were apparently

filed earlier this year and last. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if state petition was timely filed). In any event, the state court here rejected Petitioner's claims as untimely by citing In re Robbins, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 159-60 (1998), and he is not entitled to statutory tolling for that reason as well. See Thorson v. Palmer, 479 F.3d 643, 644-45 (9th Cir. 2007) (holding that citation to Robbins indicates untimeliness and noting that statutory tolling not available for petitions rejected by state court as untimely).

Under certain circumstances, a habeas petitioner may be entitled to equitable tolling, see Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010), but only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way," see Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). Petitioner has not even attempted to provide any basis for equitable tolling, and it is hard to imagine a circumstance that could entitle him to 15 years of such tolling. See Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (noting that equitable tolling of 20 years "would be difficult to justify").

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in

1 | the U.S. District Courts, as long as the court gives the
2 | petitioner adequate notice and an opportunity to respond.  <u>Herbst</u>
3 | <u>v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).
4 |      IT THEREFORE IS ORDERED that on or before **July 13,**
5 | **2012**,Petitioner show cause in writing, if he has any, why the
6 | Court should not dismiss this action with prejudice because it is
7 | untimely.  If Petitioner intends to rely on the equitable tolling
8 | doctrine, he will need to include with his response to the Order
9 | to Show Cause a declaration under penalty of perjury stating
10 | facts showing that (1) he has been pursuing his rights diligently
11 | and (2) "some extraordinary circumstance stood in his way."

DATED: <u>June 14, 2012</u>

_____
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE